

U.S. DISTRICT COURT
WESTERN DISTRICT ARKANSAS
FILED

JUL 20 2009

CHRIS R. JOHNSON, CLERK

BY

DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE, DIVISION

STEVE CAUDLE                                                                 PLAINTIFF

V.                                    CASE NO. 09-5144

CITY OF WEST FORK, ARKANSAS,
JAN THROGMORTON, JULIE SHAFER,
MISTY CAUDLE, ANITA LOWRY,
JOHN RICHARD, RODNEY DRYMON,
JON FOSTER, JUSTIN HARRIS,
JOE DESOTO, MICHAEL E. BARTHOLOMEW,           DEFENDANTS
AND MIKE NELSON

## COMPLAINT

COMES NOW the Plaintiff, Steve Caudle, by and through his attorney, Casey D. Copeland, and for this, his Complaint, does state and allege as follows:

*Jurisdiction and Venue and Causes of Action*

1. This Court has jurisdiction over the parties and subject matter of this cause of action, pursuant to 28 U.S.C. § 1331, and venue is proper in this Court pursuant to 28 U.S.C. § 1391(b); as all the parties are residents of Washington County, Arkansas, and all of the events and occurrences giving rise to this cause of action took place in Washington County, Arkansas.

2. This cause of action was previously brought by removal in case number 09-5061.

3. This Complaint includes the Plaintiff's appeal as stated in the Notice of Appeal filed along with this pleading. A copy of the NOTICE dated January 15, 2009 is attached as Exhibit "A" and is adopted herein by reference. Said NOTICE sets forth the

decision which is the subject of the Plaintiff's appeal, and a certified record of that decision shall be filed pursuant to Rule 9(f)(B) of the Arkansas District Court Rules, when available. The Plaintiff's Notice of Appeal is adopted herein by reference.

4. This is also an action for a declaration that an ordinance of the City of West Fork is unconstitutional.

5. This is also an action seeking injunctive relief against the enforcement of an ordinance of the City of West Fork.

6. This is also an action on an intentional tort committed by the Defendants.

### Parties

7. The City of West Fork is an Arkansas city of the first class located in southern Washington County, Arkansas.

8. Jan Throgmorton is the acting mayor of the City of West Fork, Arkansas, and was either such or a member of the West Fork City Council at all times relevant to this action.

9. Julie Shafer, Misty Caudle, Anita Lowry, John Richard, Rodney Drymon, John Foster, Justin Harris, and Joe DeSoto are or were members of the West Fork City Council at all times relevant to this action.

10. Michael E. Bartholomew is the West Fork Building Official, and Mike Nelson is the Chief of the West Fork Police Department.

11. All defendants were acting under color of state law at all times relevant to this cause of action.

12. Steve Caudle is a resident and property owner in the City of West Fork.

## *Civil Rights Violations & Constitutional Challenge*

13. On January 13, 2009, the West Fork City Council declared that the Plaintiff's property, located at 280 West Main Street, West Fork, was an "unsafe property" pursuant to their Ordinance No. 404 and ordered the Plaintiff to repair or demolish the property within 30 days.

14. The Plaintiff was not provided with notice of the Defendants' intended action, and was deprived of his right to appear and be heard on the matter.

15. The Agenda for the January 13, 2009 meeting of the West Fork City Council simply states "Update on 280 W. Main property," which does not give the Plaintiff adequate notice that the Defendants intended to take the action that it did, nor does the agenda properly give the Plaintiff notice of an opportunity to be heard on the matter. A copy of the Agenda is attached hereto as Exhibit "B" and adopted herein by reference.

16. The agenda item mentioned above is misleading, fraudulent and otherwise fails to provide adequate and proper notice of the Defendants' intended actions.

17. On or about January 15, 2009, the Plaintiff was presented with a written notice and demand to comply with the Council's decision and ordinance within thirty (30) days of the notice. Said notice has already been made a part of this pleading.

18. There are many properties in the City of West Fork which are the same, similar, or substantially similar to that of the Plaintiff's, but the City of West Fork has not sought to enforce it's regulations and Ordinances against those others, but instead has singled the Plaintiff out for enforcement, for illegitimate reasons, such as general dislike of the Plaintiff, the Plaintiff's refusal to agree with the Council's previous decisions, the

failed criminal prosecution of the Plaintiff concerning the property, or some other illicit reason.

19. For more than two (2) years, the City of West Fork has taken official and unofficial action against the Plaintiff with regard to the property at issue, including a failed criminal prosecution in the West Fork District Court.

20. In about February or March of 2008 the Plaintiff attempted to obtain a building/repair permit in order to perform repairs on the property, but was unduly denied by Michael E. Bartholomew.

21. Following said denial, the Plaintiff hired Wesley Harrison, a professional, to obtain a building/repair permit from the City of West Fork and to perform repairs on the subject property, but was also unduly denied by Michael E. Bartholomew.

22. The Defendant's denials of the building/repair permits was without justification and with the purpose to prevent the Plaintiff from restoring or otherwise repairing the property so that the Defendants could eventually condemn the property, deprive the Plaintiff of his civil rights, and generally cause harm and injury to the Plaintiff.

23. The Defendants, acting under color of state law, have deprived the Plaintiff of his right to procedural due process by not providing him prior notice of the Defendants' intended action at the January 13, 2009 meeting of the City Council, and thereby depriving the Plaintiff of an opportunity to be heard.

24. The Defendants, acting under color of state law, have deprived the Plaintiff of his right to substantive due process by enforcing against him an ordinance which is vague, capricious, arbitrary and otherwise unconstitutional. A copy of Ordinance 404 is

attached hereto as Exhibit "C" and adopted by reference herein.

25. Further, Ordinance 404 gives too much authority and arbitrary discrimination to the "building official" so that said ordinance should be declared unconstitutional and void, and this Court should so declare.

26. The Defendants, acting under color of state law, have deprived the Plaintiff of his right to equal protection by singling him out for enforcement of the City's ordinance when there are other properties which are the same, similar or substantially similar to the Plaintiff's property.

27. The Defendants have otherwise failed to follow the procedures set forth in Ordinance 404, in that the city council has acted against the Plaintiff prior to a finding by the building official that the property owner cannot be found as set forth in 404(c).

28. Additionally. Ordinance 404 fails to set forth procedures for allowing property owners and/or occupants of buildings to be provided prior notice of intended action or a procedure for property owners and/or occupants to be heard on the matter.

29. The alleged actions and conduct herein violate 42 U.S.C. § 1983 and Ark. Code Ann. § 16-123-105, and entitled the Plaintiff with any and all such relief as is allowed under said laws.

30. The Defendants then conducted another meeting in May of 2009 whereat they again sought to enforce their ordinance(s) against the Plaintiff, in an attempt to circumvent the judicial proceedings which were then on going, and did against pass an ordinance do so. A copy of the ordinance then passed is attached as Exhibit "E" and adopted herein by reference.

31. The Defendants should be estopped from enforcing Ordinance 407, passed May 12, 2009, (Exhibit "E") as it is was passed by the Defendants in an attempt to circumvent the judicial proceedings which were then on going, and for the same reasons that Ordinance 404 (Exhibit "C") is being challenged.

32. Further, the statute of limitations with regard to Ordinance 407 should be tolled until the date of the nonsuit of case number 09-5061, as that case concerned the same or similar issues as are addressed in Ordinance 407, and to require the Plaintiff to file another appeal lawsuit over Ordinance 407 would be to cause additional and unwarranted litigation over a topic that was already being considered by the Court.

33. Therefore, this cause of action can and should be considered an appeal of Ordinance 407 on the same grounds are Ordinance 404 is being appealed, namely failure to provide service and adequate opportunity to appear and be heard.

### *Intentional Interference With A Business Expectation*

34. Additionally, the Defendants have intentionally interfered with a business expectation of the Plaintiff, to-wit: the property at issues was being rented by Dee Fry, and the Defendants, knowing the property was rented, intentionally and improperly caused a notice to be sent to her by Michael W. Nelson, Chief of Police, which ordered her to remove herself from the property which resulted in the Plaintiff's damages in the form of lost of rental income, where said damages are proximately the result of the Defendants' actions. A copy of said notice is attached as Exhibit "D" and is adopted herein by reference.

35. The Defendants had no justification, authorization, or right to order Ms. Fry from the

property, and did so with the purpose and intent to deprive the Plaintiff of the income he gained from renting the property, and the Defendants did so with the purpose and intent of causing harm to the Plaintiff.

36. The Defendants knew or ought to have known, in light of the surrounding circumstances, that their conduct would naturally and probably result in injury or damage to the Plaintiff, and that they continued the conduct with malice or in reckless disregard of the consequences, from which malice may be inferred.

37. The Defendants intentionally pursued a course of conduct for the purpose of causing injury or damage to the Plaintiff.

38. The Plaintiff is entitled to compensatory damages in the form of lost rental income and punitive damages from the Defendants for the alleged conduct pursuant to Ark. Code § 16-55-206.

## *Relief and Jury Demand*

39. Because the Defendants are seeking to deprive the Plaintiff of his property without due process of law, and because the Plaintiff is asking this Court to review the matter and other matters herein set forth, the Plaintiff should be entitled to an injunction against the Defendants stopping them from enforcing Ordinance 404 against the Plaintiff and others so long as this litigation is pending. The Plaintiff is entitled to such equitable relief pursuant to 42 U.S.C. § 1983 and Ark. Code Ann. § 16-123-105.

40. The Plaintiff is entitled to his costs and attorney's fees pursuant to 42 U.S.C. § 1983 and Ark. Code Ann. § 16-123-105.

41. Upon information and belief, the City of West Fork has insurance which may or may

not cover the Plaintiff's claims, and which may or may not negate the effect of the city's tort immunity pursuant to Ark. Code Ann. § 21-9-301.

42. The Defendants should be prohibited from enforcing Ordinance 404 as written.

43. This Court should declare Ordinance 404 unconstitutional.

44. The Plaintiff demands a jury trial for all causes which may be so tried.

45. The Arkansas Attorney General will be served with process in this matter pursuant to law.

**WHEREFORE** the Plaintiff prays that this Court will grant him the relief sought herein, and such other relief as he may prove himself entitled.

STEVE CAUDLE,
Plaintiff

BY: _____
Casey D. Copeland, Ark. Bar #2006022
THE COPELAND LAW FIRM
PO Box 270, 140 East Buchanan, Suite 3
Prairie Grove, AR 72753
Phone:(479)846-0750 Fax:(479)846-0751
Email: copelandlawfirm@pgtc.com

~Verification~

**STATE OF ARKANSAS**        )
                             )SS.
**COUNTY OF WASHINGTON**     )

**COMES NOW** Steve Caudle, and after being duly sworn upon oath does state and affirm as follows:

1. My name is Steve Caudle, I am the Plaintiff in this case, and I am above the age of 18 and competent to execute this verification.
2. I have read the foregoing complaint and it is correct and true to the best of my information knowledge and belief.

**FURTHER I SAY NOT.**

_____
Steve Caudle

**SUBSCRIBED AND SWORN** to before me, a Notary Public, on this 20 day of July, 2009, by Steve Caudle, known to me or sufficiently identified to me as the person whose signature appears on the foregoing instrument.

October 25, 2017
My Commission Expires

Notary Public