IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

STEVE CAUDLE                                                        PLAINTIFF

          v.                          CIVIL NO. 09-5144

CITY OF WEST FORK, ARKANSAS;
JAN THROGMORTON; JULIE SHAFER;
MISTY CAUDLE; ANITA LOWRY;
JOHN RICHARD; RODNEY DRYMON;
JON FOSTER; JUSTIN HARRIS;
JOE DESOTO; MICHAEL E. BARTHOLOMEW;
AND, MIKE NELSON                                                   DEFENDANTS

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before this Court is Plaintiff's Motion for Temporary Restraining Order filed on July 20, 2009. (Case 09-5144; Doc. 3). This motion was referred to the undersigned on July 21, 2009. (Case 09-5144; Doc. 4).

Plaintiff seeks a temporary restraining order enjoining defendants from razing and demolishing the structures affixed to the real property owned by plaintiff at 280 West Main Street in West Fork, Arkansas, and 260 McKnight Avenue in West Fork, Arkansas.

**I.    Statement of Facts:**

On July 7, 2006, plaintiff received a notice from the West Fork City Attorney stating that the City Council had received many complaints about his property at 280 West Main Street in West Fork, Arkansas. (Case 09-5061; Doc. 10-1, p. 27). These complaints included garbage accumulation between the house and the old store on the property, overgrown grass, and a van which had been on the property for six months that did not appear to be running and was stuffed full of garbage. The notice explained that pursuant to Section 5.12.02 of West Fork's

Maintenance of Real Property Ordinance, plaintiff had 30 days to remedy the situation before the City of West Fork pursued remedies available to them under the Ordinance.

On September 11, 2008, the West Fork Chief of Police filed an affidavit for an Administrative Search Warrant to conduct an inspection of the property at 280 West Main Street in West Fork, which he described as a residential structure and an abandoned beauty shop. (Case 09-5061; Doc. 10-1, p. 29).

On September 16, 2008, plaintiff's attorney forwarded a letter to John Hudson, the West Fork City Attorney, requesting information concerning plaintiff's property under the Freedom of Information Act. (Case 09-5144; Defendants' Ex. G). Mr. Hudson responded on September 26, 2008.

On October 27, 2008, the City of West Fork City Council adopted City Ordinance No. 404 defining unsafe structures, declaring unsafe property to be illegal, and requiring that said properties be abated by repair and rehabilitation or by demolition. (Case 09-5144; Doc. 1-4). When deemed to be unsafe by the building official, said ordinance requires the property owner to purchase a building permit and to commence specified repairs or improvements, or to demolish and remove the unsafe building or structure within 30 days of receiving the notice. If the property owner fails to comply with the notice, then the matter is referred to the City Council for a determination as to whether the structures are unsafe. If the City Council deems the structures unsafe and finds that it is in the best interest of the city to proceed with the removal of the unsafe structures, it is authorized to enact an ordinance ordering the property owner to raze and remove the unsafe structure with work thereon to commence within 10 days and be completed within 30 days. If the property owner fails to do so, the mayor or her authorized

representative shall then cause the unsafe structure to be razed and removed, with the costs thereof being charged against the premises.

On January 13, 2009, the West Fork City Council met and declared that plaintiff's properties located at 280 West Main Street, West Fork, Arkansas, and 260 McKnight Avenue, West Fork, Arkansas, were unsafe pursuant to City Ordinance 404. (Case 09-5061; Doc. 10-1,). The notice references the AmeriSpec Home Inspection Report and the report prepared by McClelland Consulting Engineers, Inc., both of which conclude that the structures at 280 West Main Street, West Fork, Arkansas, are structurally unsafe and should be removed. (Case 09-5144; Defendants' Ex. A & B).

On January 14, 2009, Dee Fry, the plaintiff's tenant leasing the residential structure at 280 West Main Street, West Fork, Arkansas, was notified that the City Council had issued an order at the January 13, 2009, City Council meeting requiring that she and her family vacate the property within seven days due to severe deficiencies on the property including structural issues which made the house extremely dangerous. The plaintiff was also notified of this action.

On January 16, 2009, plaintiff was served with written notification from Michael Bartholomew, the building inspector for the City of West Fork, that his properties were in violation of City Ordinance No. 404 and requiring plaintiff to purchase a building or demolition permit within 30 days of the receipt of the notice. Although plaintiff argued that he had been verbally denied a building permit, no evidence has been submitted to show that plaintiff ever even applied for a building permit. (Case 09-5061; Doc. 10-1, p. 35)

On February 11, 2009, plaintiff filed suit against the City of West Fork and others in the Circuit Court of Washington County, Arkansas, seeking injunctive relief against the enforcement

-3-

of City Ordinance No. 404 alleging violations of both his procedural and substantive due process rights, as well as his right to equal protection. (09-5061; Doc. 2). On March 24, 2009, the case was removed to federal court. (09-5061; Doc. 1).

On April 7, 2009, defendants' attorney forwarded an email to plaintiff's counsel providing him with a copy of Proposed and Revised City Ordinance No. 407 ordering the razing of plaintiff's property. (09-5061; Doc. 10-2, p. 4). Mr. Mosley stated that the revised ordinance changed the address for the abandoned beauty shop from 280 W. Main Street to 260 McKnight Avenue, West Fork, Arkansas.

On April 14, 2009, plaintiff's attorney appeared before the City Council at their monthly meeting and requested that plaintiff be given an additional 30 days to comply with City Ordinance No. 404 before the City Council voted to demolish the structures. The City Council granted plaintiff's request. (Case 09-5144; Defendants' Ex. C). However, no actions were taken to bring the property into compliance.

On May 12, 2009, plaintiff's counsel again appeared before the City Counsel, this time requesting that proposed City Ordinance 407 be amended to allow plaintiff the option of submitting a repair plan for the city's approval. (Case 09-5144; Defendants' Ex. D). Due to the many chances plaintiff had been given to remedy the structural deficits, plaintiff's request was denied and the City Council passed City Ordinance No. 407 ordering the razing and removal of certain structures within the city of West Fork, Arkansas, located at 280 West Main Street and 260 McKnight Avenue. (Case 09-5144; Doc. 1-5, Defendants' Ex. F).

On June 18, 2009, defendants filed a motion for summary judgment in case 09-5061. (Case 09-5061; Doc. 10). Although plaintiff did not file a response, he did file a stipulated

AO72A
(Rev. 8/82)

notice of voluntary dismissal on July 1, 2009. (Case 09-5061; Doc. 15). This same date, plaintiff's counsel sent an email to the defendants' attorney stating that the plaintiff would demolish the structures and pay for the demolition. (Case 09-5061; Doc. 12). Plaintiff's counsel indicated that attorney's fees would be the only issue that required discussion. On July 2, 2009, the case was dismissed. (Case 09-5061; Doc. 16).

However, settlement negotiations reportedly broke down and the City of West Fork made commitments with a contractor to demolition the property Wednesday July 22 and/or Thursday July 23. Plaintiff refiled his action in this Court on July 20, 2009. (Case 09-5144; Doc. 1). Plaintiff also filed the motion for temporary restraining order that is currently before this Court, but did not file the required surety bond. (Case 09-5144; Doc. 3). On July 22, 2009, a hearing was held before the undersigned regarding said motion. The undersigned notes that the plaintiff did not present any evidence or testimony to support his allegations. Further, although plaintiff's counsel indicated that an insurance company was in the process of preparing a surety bond, no such bond was posted prior to the issuance of this report and recommendation.

## II.   <u>Discussion:</u>

Rule 65 of the Federal Rules of Civil Procedures governs the issuance of temporary restraining orders and preliminary injunctions. In deciding a motion for a temporary restraining order or a preliminary injunction, the courts are instructed to consider what have come to be known as the *Dataphase* factors: (1) the probability of success on the merits; (2) the threat of irreparable harm to the movant; (3) the balance between this harm and the injury that granting the injunction will inflict on other interested parties; and (4) whether the issuance of an injunction is in the public interest. *Dataphase Sys., Inc. v. C L Sys., Inc.*, 640 F.2d 109, 114 (8th

AO72A
(Rev. 8/82)

Cir. 1981) (en banc).  *See also Minnesota Mining and Mfg. Co. v. Rauh Rubber, Inc.*, 130 F.3d 1305, 1307 (8th Cir. 1997); *Sanborn Mfg. Co., Inc. v. Campbell Hausfeld/Scott Fetzer Co.*, 997 F.2d 484, 485-86 (8th Cir. 1993).  No single factor in itself is dispositive; rather, each factor must be considered to determine whether the balance of equities weighs toward granting the injunction.  *See Sanborn*, 997 F.2d at 486; *Calvin Klein Cosmetics Corp. v. Lenox Lab., Inc.*, 815 F.2d 500, 503 (8th Cir. 1987).  The burden of establishing the necessity of a temporary restraining order is on the movant.  *Baker Electric Coop., Inc. v. Chaske*, 28 F.3d 1466, 1472 (8th Cir. 1994).

With the applicable standard in mind, we turn to an examination of the first factor, whether plaintiff has established a likelihood of success on the merits.  Plaintiff "is not required to prove a mathematical (greater than fifty percent) probability of success on the merits." *Heartland Acad. Cmty. Church v. Waddle*, 335 F.3d 684, 690 (8th Cir. 2003).  Rather, it is a question of whether plaintiff has a "fair chance of prevailing" after discovery and a full trial.  *Id. citing Univ. of Tex. v. Camenisch*, 451 U.S. 390, 395, 101 S. Ct. 1830, 68 L. Ed. 2d 175 (1981)("[A] preliminary injunction is customarily granted on the basis of procedures that are less formal and evidence that is less complete than in a trial on the merits.  A party thus is not required to prove his case in full at a preliminary-injunction hearing.").

After reviewing the evidence, we do not find that plaintiff has established a likelihood of success on the merits.  Plaintiff contends that City Ordinance No. 404 was unconstitutional and that his procedural due process rights were violated when he was not provided with notice and an opportunity to be heard prior to the passage of Ordinance 404 on January 13, 2009.  Further, plaintiff contends that he was denied repair permits when requested by the City building

-6-

inspector, was denied equal protection because the ordinance was enforced against him and no one else, and has suffered a loss of rental income from the property due to the defendants actions.

Under Arkansas law, a City does have the legislative authority to remove or raze "any buildings or houses that in the opinion of the council have become dilapidated, unsightly, unsafe, unsanitary, obnoxious, or detrimental to the public welfare and shall provide, by ordinance, the manner of removing and making these removals." Ark. Code Ann. § 14-56-203. Sections 1502 through 1507 of the Arkansas Code Annotated §14-54 define a common nuisance, provide for the city to obtain a temporary injunction against the owner of the nuisance, and allow for an order of abatement to be entered against the property owner of the nuisance. It is clear in this case that City Ordinance No. 404 is aimed at protecting the health and safety of the city's citizens and well within the city's police powers. For the ordinance to apply, a property must first meet the definition of unsafe as set out in the ordinance. Then, the ordinance merely gives the city council the power to declare the property unsafe and to ensure that the unsafe property is repaired or demolished, thereby remedying the danger it poses to the health and safety of the citizens of West Fork. Acting pursuant to that ordinance, Ordinance 407 was passed by the City Council directing that plaintiff's properties be demolished.

The undersigned is of the opinion that the two buildings on plaintiff's property at issue are patently dangerous and constitute a nuisance and a health hazard to the community. Further, testimony at the hearing indicated that these structures are located near a school and situated such that school children pass by them on their way to school. Mayor Throgmorton testified that she has ordered children off of the property on at least two occasions. She also testified that the property is infested with rodents and roaches. As such, we believe this property clearly

AO72A
(Rev. 8/82)

constitutes an attractive nuisance that poses a danger to the public health and safety of the citizens of West Fork, Arkansas. Therefore, we do not agree that the City of West Fork did not have the authority to enact City Ordinance No. 407.

Likewise, we conclude that plaintiff's argument that Ordinance No. 404 is vague, capricious, arbitrary, and gives too much authority to building officials is without merit. A city has a duty under their police power to enact regulations in order to protect the city's citizens from public heath and safety hazards. *Springfield v. City of Little Rock*, 290 S.W.2d 620, 622 (Ark. 1956). However, it is within the municipalities "sound discretion to determine both the need and the measure to meet it." *Id.* Courts will not interfere with this duty, except where the city has clearly abused its discretion. *Id.*

We can find no abuse of discretion in this case. City Ordinance No. 404 was passed in October 2008, allowing the West Fork City Council to pass further ordinances to rectify unsafe properties within the city. Clearly, this was done to protect the citizenry from health and safety hazards. After receiving complaints concerning the condition of plaintiff's properties, two separate building inspections were ordered and paid for by the West Fork City Council to determine the structural safety of the buildings located on plaintiff's property. Both reports indicated that the structures were structurally unsound and in danger of collapse. The report dated January 12, 2009, indicates that the structures have severe deficiencies in regard to the foundation, walls, and supports, the supporting beams, and the roof framing. Caved-in roofs, deteriorated floor beams, rotted or failing floor boards, and missing doors and windows were among the hazards noted. Photographs introduced at the hearing provide a clear picture of the dangerous and filthy condition of the property. (Defendants' Ex. E). Pursuant to those

-8-

inspections, the City Council passed City Ordinance No. 407 calling for the demolition of plaintiff's property. Here again, the City Council merely passed an ordinance to protect its citizens from public health and safety hazards, which fall within its sound discretion.

A reading of Ordinance No. 404 also makes clear that the ordinance is not vague. The test to determine vagueness is whether a "person of ordinary intelligence is placed on sufficient notice to reasonably determine the prohibited conduct." *Holt v. City of Maumelle*, 817 S.W. 2d 208, 210 (Ark. 1991). City Ordinance No. 404 clearly sets out what the City of West Fork considers to be unsafe structures and buildings, provides for notice of the noncompliance to be provided to the owner of the property, provides the procedures to be followed if the owner of the property can not be located, provides the time periods for the property owner to comply with the notice of noncompliance, and provides the procedures to be followed in the case of an emergency. City Ordinance No. 407 clearly states that plaintiff's property has been declared to be unsafe, that plaintiff had been notified of this prior to the enactment of the ordinance, that plaintiff was given 30 days to purchase a building permit and to commence repairs on the property or to demolish and remove the building, that plaintiff has failed to comply with the notice to repair or demolish the buildings, directing plaintiff to commence with removal procedures within 10 days, and notifying plaintiff that his failure to commence with removal procedures would result in the Mayor directing that the residence and old abandoned beauty shop be demolished and removed. Therefore, we do not find either of these ordinances to be vague.

While plaintiff's pleadings contend that City Ordinance No. 404 provides too much authority to building officials, he has put forth no evidence to support this contention. We note that an initial determination of whether a property is unsafe is determined by the building

(Rev. 8/82)

inspector and then presented to the City Council.  However, the ultimate decision as to whether the property is unsafe and should be razed is vested with the City Council.  Therefore, we find no merit in plaintiff's argument.

Although plaintiff contends that his due process rights were also violated when he was denied a building permit by the city building inspector, plaintiff has submitted no evidence in support of this argument.  At the hearing, Mayor Throgmorton testified that no such applications had been filed by or on behalf of plaintiff.  Therefore, we can not say that plaintiff has met his burden of showing that building permits were wrongfully denied.

Plaintiff also raises a procedural due process argument.  In general, procedural due process requires that a hearing before an impartial decision maker be provided at a meaningful time, and in a meaningful manner, prior to a governmental decision which deprives an individual of a liberty or property interest.  *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976).  The United States Court of Appeals for the Eighth Circuit has determined that where a property owner is given written notice to abate a hazard on his or her property and has been given an opportunity to appear before the proper municipal body considering condemnation of the property, no due process violation occurs when the municipality abates the nuisance pursuant to the condemnation notice.  *Samuels v. Meriwether*, 94 F.3d 1163, 1167 (8th Cir. 1996); *Hagen v. Trail County*, 708 F.2d 347, 348 (8th Cir. 1983) (per curiam) (upholding legality of destruction of building for failure to abate nuisance after notice and hearing).

In the present case, plaintiff concedes that this matter has been before the West Fork City Council now for several years.  Documents filed in support of the Defendants' motion for summary judgment in case number 09-5061 indicate that plaintiff was notified as far back as July

-10-

2006, that his property was in violation of a Maintenance and Real Property Ordinance, due to garbage accumulation and overgrown grass. (09-5061; Doc. 10-1). Plaintiff also acknowledges receiving the January 15, 2009, notice that his property was in violation of Ordinance 404, which gave him 30 days to obtain a building or demolition permit. Plaintiff's awareness of the fact that his property was in violation of the City Ordinance and was subject to demolition was further evidenced by the fact that his counsel appeared on his behalf at both the April and May meetings of the West Fork City Council. In April, plaintiff was granted an additional 30 days to comply with City Ordinance No. 404 before the City Council enacted City Ordinance No. 407 authorizing demolition. When he failed to do so, the City Council again placed the matter on their May agenda and passed City Ordinance No. 407 deeming his property to be unsafe and ordering that it be demolished. As such, we conclude that plaintiff was provided adequate procedural protection prior to the passage of City Ordinance No. 407 ordering the demolition of his property.

Plaintiff also contends that his equal protection rights were violated because he was singled out in the enforcement of City Ordinance No. 404. However, a reading of the Ordinance at issue makes clear that plaintiff's argument must fail. In *Hodel v. Indiana*, the Supreme Court held that "social and economic legislation [like the one at issue here] that does not employ suspect classifications or impinge on fundamental rights must be upheld against equal protection attack when the legislative means are rationally related to a legitimate government purpose." 452 U. S. 314, 331-332 (1981). "Moreover, such legislation carries with it a presumption of rationality that can only be overcome by a clear showing of arbitrariness and irrationality." *Id.* Social and economic legislation is valid unless "the varying treatment of different groups or

-11-

AO72A
(Rev. 8/82)

persons is so unrelated to the achievement of any combination of legitimate purposes that [a court] can only conclude that the legislature's actions were irrational." *Id*. at 332.

Aside from bare allegations, plaintiff has put forth no evidence to show that he was singled out for enforcement of Ordinance No. 404. As previously noted, the structures at issue are public nuisances that constitute a danger to the health and safety of the citizens of West Fork. Therefore, the City Council's actions in passing the ordinances at issue were neither arbitrary nor capricious. Therefore, we can not say that plaintiff is likely to succeed in this regard.

Plaintiff also claims that the defendants intentionally interfered in a business expectation of rental income from the property. However, to establish the tort of interference, he must prove the existence of a valid contractual relationship or a business expectancy; knowledge of the relationship or expectancy on the part of the interfering party; intentional interference inducing or causing a breach or termination of the relationship or expectancy; and, resultant damage to the party whose relationship or expectancy has been disrupted. *Stewart Title Guar. Co. V. American Abstract & Title Co.*, 215 S.W.3d 596, 601 (Ark. 2005). Perhaps hallmark, though, is the requirement that the interference be improper. *Id*. As we have already determined, in passing Ordinance Nos. 404 and 407, the City of West Fork acted within its police powers to protect the health and safety of the individuals who were the inhabitants of the property, as well as the citizenry of West Fork. Therefore, the plaintiff has not proven that the defendants' actions were in any way improper. Accordingly, we can not say that plaintiff's cause of action has a fair chance of prevailing after discovery and a full trial on the merits.

Based on our discussion above, it seems clear that the remaining *Dataphase* factors weigh heavily in favor of the defendants. Although plaintiff alleges that he will suffer

-12-

irreparable harm if his property is demolished because he will not be able to build anything else on that land due to property restrictions and right-of way issues, he has not proven that it would be impossible for him to build a new home or commercial structure that would be in compliance with those restrictions.  Further, when balanced with the danger the current condition of the structures poses to the health and public safety of the community, we must side with the public interest.  As previously stated, the undersigned concludes that the properties located at 280 West Main Street, West Fort, Arkansas, and 260 McKnight Avenue, West Fork, Arkansas, constitute attractive nuisances that pose a health and safety hazard to the citizens of West Fork.  Therefore, we do not find that plaintiff has met his burden of establishing the *Dataphase* factors necessary for the imposition of a temporary injunction.  *Dataphase Sys., Inc. v. C L Sys., Inc*., 640 F.2d 109, 114 (8th Cir.1981) (en banc).

## III.   Conclusion:

After carefully reviewing the entire record, the undersigned concludes that the plaintiff has not met its burden of establishing the necessity of a temporary restraining order and recommends that Plaintiff's Motion for Temporary Restraining Order be DENIED.

IT IS SO ORDERED this the 23rd day of July 2009.

/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
UNITED STATES MAGISTRATE JUDGE

-13-